UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MICHAEL DENNISON,<br><br>                              Petitioner,<br><br>        v.<br><br>BEN CURRY, Warden,<br><br>                              Respondent. | Civil No.   07cv2153 LAB (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) DENYING MOTION FOR STAY AND ABEYANCE WITHOUT PREJUDICE; AND,**<br><br>**(3) DIRECTING A RESPONSE TO PETITION** |

     On November 8, Petitioner, a state prisoner proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis. On November 16, 2007, the Court denied the request to proceed in forma pauperis and dismissed the petition without prejudice because Petitioner had failed to provide the Court with sufficient information to determine his financial status. The Court notified Petitioner that in order to have his case reopened he must either pay the filing fee or provide adequate proof of his inability to pay no later than January 14, 2007. On December 10, 2007, Petitioner filed an application to proceed in forma pauperis and a Motion for Stay and Abeyance.

/ / /

## IN FORMA PAUPERIS APPLICATION

According to Petitioner's prison trust account statement, Petitioner has no funds on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis.

## MOTION FOR STAY AND ABEYANCE

Petitioner has filed a letter which this Court construes as a Motion for Stay and Abeyance [doc. no. 7]. Petitioner asks the Court to hold his Petition in abeyance while he returns to state court to exhaust two claims: (1) that there was insufficient evidence to show implied malice and (2) that the prosecutor committed misconduct by eliciting improper testimony from witnesses. (*See* Pet.'s Motion.) Both of these claims are raised in the Petition itself. In the Petition, Petitioner asserts that he has presented both claims to the state supreme court. (Pet. at 6-9.) Thus the claims are alleged to be exhausted. *See* 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Therefore, Petitioner has not identified a claim, either in the Petition or in his Motion for Stay and Abeyance, which he wishes to present in this Court but which he has not already presented to the state supreme court.

In *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528 (2005) the Supreme Court held that District Courts have limited discretion to hold in abeyance a mixed habeas petition, that is, one containing both exhausted and unexhausted claims, in order to permit a petitioner to return to state court to exhaust additional claims while the federal proceedings are stayed. *Rhines*, 125 S.Ct. at 1534-35. The *Rhines* Court held that "a stay and abeyance 'should be available only in limited circumstances,' and is appropriate only when the district court determines that there was 'good cause' for the failure to exhaust." *Jackson v. Roe*, 425 F.3d 654, 661 (9th Cir. 2005) (quoting *Rhines*, 125 S.Ct. at 1535). Moreover, in order to be entitled to a stay, Petitioner must demonstrate there are arguably meritorious claims which he wishes to return to state court to exhaust <u>and</u> that he is diligently pursuing his state court remedies with respect to those claims. *Jackson*, 425 F.3d at 661; *Anthony v. Cambra*, 236 F.3d 568, 575 (9th Cir. 2000).

///

Petitioner has failed to make the required showing because he has failed to identify a claim which has not been exhausted, and has failed to include facts supporting his allegations. Neither the Motion for Stay and Abeyance nor the Petition itself identifies a claim which Petitioner has not presented to the state supreme court. Accordingly, Petitioner's Motion for stay and abeyance is **DENIED** without prejudice. If Petitioner renews his stay motion, he must identify which claim or claims he has <u>not</u> exhausted and wishes to exhaust, and must set forth <u>facts</u> in an attempt to demonstrate good cause for his failure to timely exhaust the state court remedies with respect to any unexhausted claim. Petitioner may renew his Motion for Stay and Abeyance and Memorandum of Points and Authorities in Support of the Motion on or before **January 25, 2008**. If Petitioner files a renewed Motion for Stay and Abeyance, Respondent may file a response within thirty (30) days of service by Petitioner of the renewed Motion.

### **ORDER DIRECTING A RESPONSE**

In accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the Petition, **IT IS ORDERED** that:

a. The Clerk of this Court shall promptly (a) serve a copy of the Petition and a copy of this Order on the Attorney General for the State of California, or his authorized agent; and (b) serve a copy of this Order on Petitioner.

b. If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims (e.g., because Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **February 25, 2008**. The motion to dismiss shall not address the merits of Petitioner's claims, but rather shall address <u>all</u> grounds upon which

/ / /

/ / /

Respondent contends dismissal without reaching the merits of Petitioner's claims is warranted.[1] At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is <u>not</u> required for the motion to dismiss.

    c. If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **March 21, 2008**. At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

    d. Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

    e. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **March 13, 2008**. At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

    f. Petitioner may file a traverse to matters raised in the answer no later than **April 14, 2008**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered.
/ / /

---

[1] If Respondent contends Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss shall also specify the state remedies still available to Petitioner.

No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

    g. A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

    h. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

    i. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

    j. Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

    **IT IS SO ORDERED.**

DATED: December 14, 2007

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge