1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  KEVIN VIENNA
   Supervising Deputy Attorney General
5  MARILYN L. GEORGE, State Bar No. 119232
   Deputy Attorney General
6    110 West A Street, Suite 1100
     San Diego, CA 92101
7    P.O. Box 85266
     San Diego, CA 92186-5266
8    Telephone: (619) 645-3038
     Fax: (619) 645-2191
9    Email: Marilyn.George@doj.ca.gov

10  Attorneys for Respondent

11              IN THE UNITED STATES DISTRICT COURT

12          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14  **WILLIAM MICHAEL DENNISON,**          | 07cv2153 LAB (JMA)

15                            Petitioner,   | **MEMORANDUM OF POINTS**
                                            | **AND AUTHORITIES IN**
16         v.                               | **SUPPORT OF MOTION TO**
                                            | **DISMISS PETITION FOR**
17  **BEN CURRY, Warden, Correctional Training** | **WRIT OF HABEAS CORPUS**
    **Facility, Soledad,**
18
                            Respondent.
19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

|  | Page |
|---|---|
| STATEMENT OF THE CASE | 1 |
|     A.   Trial Court Proceedings | 1 |
|     B.   Petitioner's Appeal To California Court Of Appeal | 2 |
|     C.   Petition For Review To The California Supreme Court | 2 |
|     D.   State Petitions For Writs Of Habeas Corpus | 3 |
|         1.   San Diego County Superior Court | 3 |
|         2.   California Court Of Appeal | 3 |
|         3.   California Supreme Court | 3 |
|     E.   Instant Petition For Writ Of Habeas Corpus | 4 |
| STATEMENT OF FACTS | 4 |
| ARGUMENT | 5 |
|     I.   THE PETITION SHOULD BE DISMISSED WITH PREJUDICE BECAUSE IT IS BARRED BY THE STATUTE OF LIMITATIONS | 5 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

Barrow v. New Orleans S.S. Ass'n
932 F.2d 473 (5th Cir. 1991)                                                    8

Bennett v. Artuz
199 F.3d 116 (2d Cir. 1999)
aff'd, 531 U.S. 4
148 L. Ed. 2d 213
121 S. Ct. 361 (2000)                                                          7

Calderon v. U. S. District Court (Kelly)
163 F.3d 530 (9th Cir. 1998)                                                   8

Calderon v. U.S. District Court (Beeler)
128 F.3d 1283 (9th Cir. 1997)                                                  8, 9

Carey v. Saffold
536 U.S. 214
153 L. Ed. 2d 260
122 S. Ct. 2134 (2002)                                                         7

Delaney v. Matesanz
264 F.3d 7 (1st Cir. 2001)                                                     8

Dennis v. Woodford
65 F. Supp. 2d 1093 (N.D.Cal. 1999)                                            9

Evans v. Chavis
546 U.S. 189
126 S. Ct. 846
163 L. Ed. 2d 684 (2006)                                                       8

Ferguson v. Palmateer
321 F.3d 820 (9th Cir. 2003)                                                   8

Green v. White
223 F.3d 1001 (9th Cir. 2000)                                                  8

Irwin v. Dept. of Veterans Affairs
498 U.S. 89
111 S. Ct. 453
112 L. Ed. 2d 435 (1990)                                                       8

Jiminez v. Rice
276 F.3d 478 (9th Cir.  2001)                                                  8

Marsh v. Soares
223 F.3d 1217 (10th Cir. 2000)                                                 9

**TABLE OF AUTHORITIES  (continued)**

**Page**

Miles v. Prunty
187 F.3d 1104 (9th Cir. 1999)                                              8, 9

Patterson v. Stewart
251 F.3d 1243 (9th Cir. 2001)                                                 5

Smith v. McGinnis
208 F.3d 13 (2d Cir. 2000)
cert. denied
531 U.S. 840
121 S. Ct. 104
148 L. Ed. 2d 63 (2000)                                                       8

Strickland v. Washington
466 U.S. 668
104 S. Ct. 2052
80 L.Ed.2d 674 (1984)                                                         3

Turner v. Johnson
177 F.3d 390 (5th Cir. 1999)                                                  8

Valverde v. Stinson
224 F.3d 129 (2nd Cir. 2000)                                                  9


**Statutes**

28 United States Code
    § 2244 (d)                                                               5
    § 2244 (d) (1) (B)-(D)                                                   7

California Penal Code
    § 187 (a)                                                               1
    § 12022 (b) (1)                                                         1

California Welfare and Institutions Code
    § 5150                                                                  5


**Other Authorities**

Antiterrorism and Effective Death Penalty Act of 1996
    (the AEDPA)                                                         5, 6, 8

1   EDMUND G. BROWN JR.
     Attorney General of the State of California
2   DANE R. GILLETTE
     Chief Assistant Attorney General
3   GARY W. SCHONS
     Senior Assistant Attorney General
4   KEVIN VIENNA
     Supervising Deputy Attorney General
5   MARILYN L. GEORGE, State Bar No. 119232
     Deputy Attorney General
6     110 West A Street, Suite 1100
     San Diego, CA 92101
7     P.O. Box 85266
     San Diego, CA 92186-5266
8     Telephone: (619) 645-3038
     Fax: (619) 645-2191
9     Email: Marilyn.George@doj.ca.gov

10   Attorneys for Respondent

11             IN THE UNITED STATES DISTRICT COURT

12           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

14   **WILLIAM MICHAEL DENNISON,**           07cv2153 LAB (JMA)

15                     Petitioner,     **MEMORANDUM OF POINTS**
                                       **AND AUTHORITIES IN**
16       v.                                    **SUPPORT OF MOTION TO**
                                         **DISMISS PETITION FOR**
17   **BEN CURRY, Warden, Correctional Training**   **WRIT OF HABEAS CORPUS**
  **Facility, Soledad,**
18
                    Respondent.
19

20

21

22                    **STATEMENT OF THE CASE**

23   **A.**   **Trial Court Proceedings**

24        Following a jury trial, Petitioner, William Michael Dennison, Jr., was convicted of the

25   second degree murder of his wife, Julia Dennison. (Cal. Pen. Code § 187 (a).)  The jury also found

26   two separate allegations of using deadly or dangerous weapons, to wit, pliers and a putty knife, were

27   true.  (Cal. Pen. Code § 12022 (b) (1).)  Petitioner was sentenced to an indeterminate term of 15-

28   ///

1  years-to-life in state prison for his murder conviction, plus two consecutive one-year terms for the

2  weapons enhancements.  Lodgment 11 at 1-2.

3  **B.  Petitioner's Appeal To California Court Of Appeal**

4          Petitioner raised four claims in his appeal to the California Court of Appeal, Fourth

5  Appellate, Division One, in Case No. D039664.  In Claim One, Petitioner contended insufficient

6  evidence had been presented to support his second degree murder conviction or the true finding that

7  he had used a putty knife during the commission of the offense.  Lodgment 11 at 3-27.  In Claim

8  Two, Petitioner contended the trial court erred by allowing into evidence hearsay statements made

9  by his wife near the time of her death.  Lodgment 11 at 27-34.  In Claim Three, Petitioner claimed

10  the prosecutor committed misconduct during his trial by failing to adequately admonish witnesses

11  to not mention Petitioner's prior arrests, incarcerations, or drug addition.  Lodgment 11 at 34-40.

12  In Claim Four, Petitioner contended he had been denied due process of law as a result of the trial

13  court's limitation of the scope of the testimony of Petitioner's psychiatric expert witness.  Lodgment

14  11 at 40-45.

15          In an unpublished opinion filed on October 3, 2003, Petitioner's conviction was affirmed,

16  but the California Court of Appeal ordered the sentence on one of the one-year enhancements

17  stricken.  Lodgment 11 at 1-2.

18  **C.  Petition For Review To The California Supreme Court**

19          On November 13, 2003, Petitioner filed a Petition for Review with the California Supreme

20  Court in Case No. S120466.  Lodgment 10.  Petitioner claimed review should be granted for the

21  following three reasons:  (1) to resolve issues relating to the evidence necessary to establish implied

22  malice; (2) because insufficient evidence had been introduced to support the jury's verdict of second

23  degree murder due to the lack of implied malice; and (3) because the trial court erred in admitting

24  hearsay statements made by Julia near the time of her death.  Lodgment 10.

25          The California Supreme Court denied the Petition for Review in Case No. S120466, on

26  December 23, 2003.  Lodgment 9.

27  ///

28  ///

07cv2153 LAB (JMA)

**D.    State Petitions For Writs Of Habeas Corpus**

**1.    San Diego County Superior Court**

Petitioner filed a Petition for Writ of Habeas Corpus with the San Diego County Superior Court on January 3, 2005[1/], in Case No. HC 17973, In the matter of the application of William Michael Dennison. Lodgments 7 and 8. In that habeas petition, Petitioner contended his trial counsel had been ineffective in failing to introduce a video tape of his police interview after his arrest to establish that he was "totally incompetent." Lodgment 8 at three of six.

In an order filed on March 2, 2005, the San Diego County Superior Court denied the habeas petition as Petitioner had failed to make a prima facie showing that his trial counsel had been ineffective, or that Petitioner had been prejudiced by any deficiency of counsel. Lodgment 7, citing, inter alia, Strickland v. Washington, 466 U.S. 668, 687-689, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984).

**2.    California Court Of Appeal**

On November 1, 2005, Petitioner filed a Petition for Writ of Habeas Corpus with the California Court of Appeal, Fourth Appellate District, Division One, in Case No. D047425. Lodgment 6. In that filing, Petitioner claimed his trial counsel provided ineffective assistance by failing arrange for a "competency hearing" before Petitioner's preliminary hearing was held, and in failing to introduce the video tape of Petitioner's police interview into evidence at trial. Lodgment 6 at three of six.

On January 5, 2006, the Court of Appeal filed an Order in which it denied the habeas petition in Case No. D047425, because it found Petitioner had "not shown he would have received a better result absent counsel's purported failures." Lodgment 5 at 1.

**3.    California Supreme Court**

On May 15, 2006, Petitioner filed a Petition for Writ of Habeas Corpus with the California Supreme Court in Case No. S143382. Lodgment 4. Petitioner claimed his trial counsel had been ineffective in failing to arrange for a "competency hearing" before his preliminary hearing, and in

---

1. As will be discussed, *post*, while this state habeas petition was filed on January 3, 2005, Petitioner's signature on the petition is dated October 22, 2004. Lodgment 8 at six of six. However, attachments to that petition reflect dates as late as October 29, 2004, and November 8, 2004.

1  failing to introduce the video tape of his police interview into evidence at trial.  Lodgment 4 at three

2  of six.

3          On May 30, 2006, Petitioner filed another Petition for Writ of Habeas Corpus with the

4  California Supreme Court in Case No. S143785.  Lodgment 2.  The Petition in Case No. S143785

5  was a photocopy of the Petition filed in Case No. S143382.  Lodgment 4.

6          On December 13, 2006, the California Supreme Court filed two Orders in which it denied

7  the habeas petitions in Case Nos. S143785 and S143382.  Lodgments 1 and 3.

8      **E.    Instant Petition For Writ Of Habeas Corpus**

9          On November 8, 2007, Petitioner filed the instant Petition for Writ of Habeas Corpus with

10  this Court.  (Civil Case No. 07cv2153 LAB (JMA).)   In Ground One, Petitioner claims his trial

11  counsel was ineffective in failing to introduce the video tape of his police interview.  Petition at 6.

12  In Ground Two, Petitioner claims insufficient evidence was introduced at trial to support his second

13  degree murder conviction.  Petition at 7.  In Ground Three, Petitioner contends the prosecutor

14  committed misconduct by failing to "fulfill her obligation to guard against testimony by prosecution

15  witnesses about matters the [trial] court had ruled inadmissable."  Petition at 8.

16                          **STATEMENT OF FACTS**

17          On November 3, 2000, the body of Julia Dennison was found on the living room floor of

18  the apartment in which she lived in Vista with her husband (Petitioner) and her four youngest

19  children.  The body was discovered by Julia's nine-year-old son, Billy, and eight-year-old daughter,

20  Little Julia, when they returned home from school that day.  Lodgment 11 at 4-5.  A short while

21  earlier, a neighbor had heard Petitioner yelling at Julia, then two thuds, followed by complete silence.

22  Lodgment 11 at 8.  Julia's face was covered in blood and there was blood splattered on the walls.

23  A pair of pliers and a putty knife which appeared to have blood on them were found near the body.

24  Lodgment 11 at 5.

25          The medical examiner found at least three areas of hemorrhaging under Julia's scalp, as

26  well as hemorrhaging to the soft tissue and muscles of Julia's neck.  Julia also had an enlarged heart

27  and had been taking medication for high blood pressure.  In the medical examiner's opinion, the

28  ///

1  cause of death was a heart attack that had been triggered by the infliction of her injuries.  Lodgment

2  11 at 24-25.

3          Family members and neighbors testified to a long history of Petitioner's domestic abuse

4  of Julia.  Lodgment 11 at 5-6.  Many of those witnesses also described Petitioner's increasingly

5  bizarre and paranoid behavior prior to the homicide.  This included an incident that occurred on the

6  night before Julia's death.  Sheriff's deputies were called to the residence and Julia asked them to

7  take Petitioner into custody for a 72-hour mental evaluation pursuant to California Welfare and

8  Institutions Code § 5150.  The deputies talked to Petitioner separately and, after he answered

9  questions to their satisfaction, declined to take him into custody as they did not believe he was a

10  danger to himself or others.  Lodgment 11 at 7-8.

11                                        **ARGUMENT**

12                                            **I.**

13  **THE PETITION SHOULD BE DISMISSED WITH PREJUDICE**
    **BECAUSE IT IS BARRED BY THE STATUTE OF LIMITATIONS**
14

15          Under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (the

16  AEDPA), Petitioner had one year after his state proceedings became final on March 22, 2004, plus

17  any time that was tolled while he was properly seeking state collateral relief, in which to file his

18  federal Petition for a Writ of Habeas Corpus in this Court.  28 U.S.C. § 2244(d).  Petitioner did not

19  file the Petition within this time period.  Therefore, the petition is time-barred and should be

20  dismissed with prejudice.

21          After the trial court judgment was affirmed by the California Court of Appeal, Petitioner

22  filed a Petition for Review with the California Supreme Court.  The Petition for Review was denied

23  on December 23, 2003.  Lodgment 9.  As no Petition for Certiorari was filed with the United States

24  Supreme Court, the judgment in Petitioner's case became final 90 days later on March 22, 2003.

25  Thus, the one-year statute of limitations in Petitioner's case began to run on March 23, 2003.  Absent

26  the filing of a collateral state petition, the one-year statute of limitations would have expired on

27  March 22, 2004.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

28

                                                                    07cv2153 LAB (JMA)

1    However, on November 8, 2004,[2] or 134 days before the expiration of the one-year period,

2    Petitioner constructively filed a Petition for Writ of Habeas Corpus with the San Diego County

3    Superior Court in Case No. HC 17973. Lodgment 8. That habeas petition was denied by the San

4    Diego County Superior Court on March 2, 2005. Lodgment 7. Accordingly, on March 2, 2005,

5    Petitioner had 134 days left, or until **July 14, 2005,** in which to timely file a federal habeas petition,

6    but he failed to do so.

7        Petitioner's next state habeas petition was filed eight months later with the California

8    Court of Appeal on November 1, 2005 (Petitioner's signature dated October 21, 2005). Lodgment

9    6. That Petition was denied on January 5, 2006. Lodgment 5. Petitioner next filed identical habeas

10   petitions with the California Supreme Court on May 15, 2006, and May 30, 2006.[3] Lodgment 2 and

11   4. Both of those habeas petitions were denied on December 13, 2006. As discussed below, by the

12   time the habeas petitions were filed with the California Court of Appeal and the California Supreme

13   Court, the AEDPA statute of limitations had already expired, so there was no time left in the statute

14   of limitations to be tolled. Petitioner did not file the instant Petition for Writ of Habeas Corpus with

15   this Court until November 8, 2007 (Petitioner's signature on the instant Petition is dated November

16   5, 2007).

17   ///

18   ///

19   ─────────────────────────────────────────────

20       2. As noted earlier, Petitioner's first state habeas petition was filed with the San Diego
     Superior Court on January 3, 2005, but Petitioner's signature on that pleading was dated October 22,
21   2004. Lodgment 8 at six of six. Included in Petitioner's un-numbered attachments to that petition
     was a "Telemedicine" entry dated October 29, 2004, indicating Petitioner's mental health clinic was
22   being canceled due to the doctor's illness. Another entry on a nearby page indicates Petitioner was
     seen for his Telemedicine appointment on November 8, 2004. Therefore, since the date Petitioner
23   mailed or turned that habeas petition over to prison personnel is unknown, Respondent is using the
24   last dated entry in Petitioner's attachments, which appears to be November 8, 2004, as the filing date
     for purposes of calculating timeliness under the AEDPA.
25

26       3. The date Petitioner mailed those two identical petitions is unknown. Petitioner's signature
     on those petitions appears to be dated "7-9-06." Lodgments 2 and 4 at six of six. However, this is
27   not possible since those petitions were filed on May 15th and 30th, 2006. Respondent is using the
     dates of filing, even though these dates do not factor into the calculation of timeliness as the statute
28   of limitations had already expired.

Section 2244 of Title 28 of the United States Code provides, in pertinent part:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[4] shall not be counted toward any period of limitation under this subsection.

As set forth above, the one-year statute of limitations in Petitioner's case expired on July 14, 2005.  This Court should find the action is time-barred and, therefore, need not be entertained.

Petitioner is not entitled to a later limitation period pursuant to the provisions of § 2244 (d) (1) (B)-(D).  There was no state impediment to Petitioner's filing of a habeas petitioner with

///

---

4.  A state habeas petition is pending from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures. Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999), aff'd, 531 U.S. 4, 148 L. Ed. 2d 213, 121 S. Ct. 361 (2000); Carey v. Saffold, 536 U.S. 214, 153 L. Ed. 2d 260, 122 S. Ct. 2134 (2002) (holding that the term "pending" may include the intervals between a lower court decision and a filing in a higher court for motions for collateral review).

07cv2153 LAB (JMA)

1  either this Court or any of the California courts, and Petitioner's instant claims do not depend on a

2  new or recently recognized constitutional right.

3        Moreover, none of the habeas petitions Petitioner filed with the state courts after July 14,

4  2005, had any effect upon the expiration of Petitioner's one year statute of limitations.  Once a

5  statute of limitations has run, it can not be revived by the filing of another collateral state action.

6  Jiminez v. Rice, 276 F.3d 478, 480-482 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th

7  Cir. 2000); Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  Thus, Petitioner's filing of

8  a Petition for Writ of Habeas Corpus with the California Court of Appeal on November 1, 2005,

9  signed by Petitioner on October 21, 2005 (Lodgment 6), had no tolling effect because Petitioner's

10  one-year statute of limitations under the AEDPA had already expired on July, 14, 2005.  Likewise,

11  both of Petitioner's subsequent state habeas filings were also untimely.  Lodgments 2 and 4.

12        In Evans v. Chavis, 546 U.S. 189, 126 S. Ct. 846, 854, 163 L. Ed. 2d 684 (2006), the

13  United States Supreme Court found no gap tolling for an unexplained, unjustified delay of six

14  months, because there was no authority suggesting that California would consider such a delay

15  reasonable.  126 S. Ct. at 854.  In the instant matter, eight months elapsed between the denial of

16  Petitioner's habeas petition by the San Diego County Superior Court on March 2, 2005, and the

17  filing of Petitioner's habeas petition with the California Court of Appeal on November 1, 2005.  See

18  Lodgments 6 and 7.  Therefore, Petitioner is not entitled to gap tolling in this matter.

19        Nor is Petitioner entitled to equitable tolling.  Equitable tolling is available only where

20  "extraordinary circumstances" beyond the prisoner's control made it impossible for him to file a

21  timely petition.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999); Calderon v. U.S. District

22  Court (Beeler), 128 F.3d 1283, 1288-1289 (9th Cir. 1997), overruled on other grounds by Calderon

23  v. U. S. District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).  Equitable tolling is available only

24  in "rare and exceptional circumstances."  See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000),

25  cert. denied, 531 U.S. 840, 121 S. Ct. 104, 148 L. Ed. 2d 63 (2000), quoting Turner v. Johnson, 177

26  F.3d 390 (5th Cir. 1999).  Equitable tolling does not extend to what are at best "garden variety"

27  contentions of "excusable neglect."  Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct.

28  453, 112 L. Ed. 2d 435 (1990); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); cf. Barrow v.

07cv2153 LAB (JMA)

1  New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) ("lack of knowledge of applicable filing

2  deadlines," "lack of representation," "unfamiliarity with the legal process," and "ignorance of legal

3  rights" generally do not justify tolling).  Consequently, equitable tolling is rarely granted.  Dennis

4  v. Woodford, 65 F. Supp. 2d 1093, 1097 (N.D.Cal. 1999).  Given the nature of the claims presented,

5  Petitioner is not entitled to equitable tolling due to his own failure to exercise due diligence.  Miles

6  v. Prunty, 187 F.3d at 1107.

7          District Courts have been cautioned to be mindful of Congress's desire to accelerate the

8  federal habeas corpus process.  Beeler, 128 F.3d at 1289.  The burden is on Petitioner to satisfy the

9  demanding standard of demonstrating "extraordinary circumstances" to be entitled to equitable

10  tolling.  Id.  A petitioner must establish that the extraordinary circumstances caused the delay.  See

11  Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (holding that the prisoner is required "to

12  demonstrate a causal relationship between the extraordinary circumstances on which the claim for

13  equitable tolling rests and the lateness of his filing"), and Marsh v. Soares, 223 F.3d 1217, 1221

14  (10th Cir. 2000) (rejecting equitable tolling claim because, even if temporary closure of prison

15  library constituted extraordinary circumstances, prisoner "has not shown how this lack of access

16  caused his delay in filing").

17

18

19

20

21

22

23

24

25

26

27

28

## CONCLUSION

For the above reasons, the instant Petition is untimely. Respondent respectfully requests this Court to dismiss the Petition with prejudice, and deny any request for certificate of appealability.

Dated:  February 21, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

KEVIN VIENNA
Supervising Deputy Attorney General


s/Marilyn L. George

MARILYN L. GEORGE
Deputy Attorney General

Attorneys for Respondent

MLG:dp
70115163.wpd
SD2007701198

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:    **William Michael Dennison v. Ben Curry, Warden, Correctional Training Facility, Soledad**

No.:    **07cv2153 LAB (JMA)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter; my business address is 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA  92186-5266.

On February 22, 2008, I served the attached **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Mail at San Diego, California, addressed as follows:

William Michael Dennison
T45105
Sierra Conservation Center
5100 O'Byrnes Ferry Road
Jamestown, CA  95327

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 22, 2008, at San Diego, California.

| D. Perez | _(signature)_ |
|---|---|
| Declarant | Signature |

70115215.wpd