UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MICHAEL DENNISON,<br><br>　　　　Petitioner,<br><br>v.<br><br>BEN CURRY, Warden, etc.,<br><br>　　　　Respondent. | Civil No. 07-CV-2153-LAB (JMA)<br><br>**REPORT AND RECOMMENDATION RE MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

**1.　Introduction And Procedural Background.**

　　Petitioner is a state prisoner. On November 19, 2001, he was convicted by jury of second degree murder. The jury also found Petitioner used deadly or dangerous weapons, pliers and a putty knife. (Lodgment No. 10 at 2.) He was sentenced on February 27, 2002 to an indeterminate 15-years-to-life term, plus one year for each of the two weapon-use findings. (Id.) Petitioner appealed his conviction, and the Court of Appeal modified the judgment (by striking one of the weapon enhancements) and then affirmed the modified judgment on October 3, 2003. (Id.) On November 13, 2003, Petitioner filed a Petition for Review in

the California Supreme Court, which was denied without opinion on December 23, 2003. (Lodgment Nos. 10 & 9.)

On November 8, 2004, Petitioner constructively filed[1] a Petition for Writ of Habeas Corpus in San Diego Superior Court (Case No. HC17973), contending that his counsel was constitutionally ineffective by failing to present exculpatory evidence at trial. (Lodgment No. 8.) That court denied the petition on March 2, 2005. (Lodgment No. 7.) On October 21, 2005, Petitioner constructively filed a Petition for Writ of Habeas Corpus in the California Court of Appeal (Case No. DO47425), again contending that trial counsel was ineffective by failing to present exculpatory evidence on Petitioner's behalf. On January 5, 2006, the court denied the petition. (Lodgment Nos. 6 & 5.)

On May 15, 2006, Petitioner filed a Petition for Writ of Habeas Corpus in the California Supreme Court (Case No. S143382) and, on May 30, 2006, Petitioner filed a second Petition for Writ of Habeas Corpus in the California Supreme Court (Case No. S143785), both contending that trial counsel had performed ineffectively in violation of Petitioner's constitutional rights.

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988); Saffold v. Newland, 224 F.3d 1087, 1091 (9th Cir. 2000). Respondent correctly notes, "Petitioner's first state habeas petition was filed with the San Diego Superior Court on January 3, 2005, but Petitioner's signature on that pleading was dated October 22, 2004. Lodgment 8 at six of six. Included in Petitioner's un-numbered attachments to that petition was a "Telemedicine" entry dated October 29, 2004, indicating Petitioner's mental health clinic was being canceled due to the doctor's illness. Another entry on a nearby page indicates Petitioner was seen for his Telemedicine appointment on November 8, 2004. Therefore, since the date Petitioner mailed or turned that habeas petition over to prison personnel for mailing is unknown, Respondent is using the last dated entry in Petitioner's attachments, which appears to be November 8, 2004, as the filing date for purposes of calculating timeliness under the AEDPA." (Rspt.'s Motion to Dismiss at p. 6 n.2.) Likewise, the Court uses November 8, 2004 as the date from which to calculate timeliness under the AEDPA.

(Lodgment Nos. 4 & 2.)  On December 13, 2006, the California Supreme Court denied both petitions.  (Lodgment Nos. 3 & 1.)

On November 5, 2007, Petitioner constructively filed this federal Petition for Writ of Habeas Corpus in United States District Court, contending:  1) trial counsel was constitutionally ineffective, (2) the evidence presented at trial was constitutionally insufficient to support a second degree murder conviction, and (3) prosecutorial misconduct.  (Petition [Dkt. No. 1] at pp. 6-8.)  On June February 22, 2008, Respondent filed a Motion to Dismiss the Petition, contending that it is time-barred by the one-year statute of limitations set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)[2].  (Dkt. No. 9.)  Petitioner did not file an Opposition to the Motion to Dismiss.

As discussed below, the Petition should be dismissed with prejudice because it is time-barred.

**2.   <u>The Petition Is Time-Barred Under The AEDPA</u>.**

The Petition should be dismissed.  The AEDPA's statute of limitations applies to Petitioner's presentation of claims in this Court.  <u>Calderon v. U.S. District Court (Beeler)</u>, 128 F.3d

---

[2] 28 U.S.C. § 2244(d)(1) states: "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of — (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

1283, 1286-1287 (9th Cir. 1997), as amended on denial of rhg. and rhg. en banc, cert. denied, 522 U.S. 1099 (1998), overruled on other grounds in Calderon v. U.S. District Court, 163 F.3d 530 (9th Cir. 1998), cert. denied, 523 U.S. 1063 (1999).  The conclusion of direct review of Petitioner's conviction occurred on March 22, 2004, the last day for Petitioner to file a Petition for Writ of Certiorari in the United States Supreme Court.  (Rule 13(1), U.S. Sup. Ct. Rules.)  Accordingly, absent any applicable tolling, Petitioner had until March 23, 2005 to file his federal habeas Petition.  Id.; see Patterson v. Stewart, 251 F.3d 1243 (9th Cir. 2001)(Rule 6(a), F.R.Civ.P., governs the calculation of the 1-year statute of limitations period of the AEDPA).

   Because Petitioner filed applications for state post-conviction relief during the time that the statute of limitations would otherwise have been running, a tolling analysis pursuant to § 2244(d)(2) is necessary.[3]  Under this analysis, the March 23, 2005 date for expiration of the one-year period within which Petitioner could timely file his federal Petition is extended by the number of days the statute of limitations was tolled.

   As set out above, Petitioner did not constructively file an "application for State post-conviction or other collateral review" following the conclusion of direct review of his conviction until November 8, 2004.  At that point, 231 of the 365 days allowed by the statute of limitations had already expired.  Based

---

[3] 28 U.S.C. § 2244(d)(2) states:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

on Petitioner's filing of that petition in the California Superior Court (and his filing of the subsequent petitions raising the same claim in the California Court of Appeal and California Supreme Court, respectively), Petitioner is entitled to tolling of 765 days for the period from November 8, 2004 to December 13, 2006 (the entire time during which his four petitions for writ of habeas corpus were pending before the California courts). <u>Carey v. Saffold</u>, 536 U.S. 214, 222-223 (2002). That tolled time thus extended the deadline for filing a federal Petition from March 23, 2005 to April 27, 2007.

As set forth above, Petitioner did not constructively file this federal Petition until November 5, 2007, more than six (6) months after the statute of limitations had expired on April 27, 2007. Because the 1-year statute of limitations had already expired when Petitioner filed the present Petition in this Court, the Petition is time-barred.

### 3. <u>Conclusion and Recommendation</u>.

After a thorough review of the record in this matter, the undersigned magistrate judge finds that Petitioner did not timely file his Petition under the AEDPA. Therefore, this Court hereby recommends that Respondent's Motion to Dismiss the Petition be **GRANTED**, the Petition be **DISMISSED WITH PREJUDICE**, and that judgment be entered accordingly.

This Report and Recommendation is submitted to the Honorable Larry Alan Burns, United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that not later than <u>June 6, 2008</u>, any party may file written objections with the Court and serve a copy on

1  all parties. The document should be captioned "Objections to
2  Report and Recommendation."
3    **IT IS FURTHER ORDERED** that any reply to the objections shall
4  be served and filed not later than June 20, 2008. The parties
5  are advised that failure to file objections within the specified
6  time may waive the right to raise those objections on appeal of
7  the Court's order. See Turner v. Duncan, 158 F.3d 449, 455 (9th
8  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9    **IT IS SO ORDERED.**
10 DATED: May 7, 2008

                                    _____
                                    Jan M. Adler
                                    U.S. Magistrate Judge