# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM MICHAEL DENNISON,<br><br>               Petitioner,<br>vs.<br><br>BEN CURRY, et al.,<br><br>              Respondents. | CASE NO. 07cv2153-LAB (JMA)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING HABEAS PETITION**<br><br>[Dkt Nos. 9, 10] |

     State prisoner William Michael Dennison ("Dennison" or "Petitioner"), proceeding *pro se* and *in forma pauperis*, filed his 28 U.S.C. § 2254 Petition for federal habeas relief on grounds of alleged ineffective assistance of counsel, insufficient evidence to support his November 2001 conviction for second degree murder, and prosecutorial misconduct. Respondent filed a Motion To Dismiss on grounds the Petition is time-barred pursuant to the one-year statute of limitations applicable to his case through the Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA"), 28 U.S.C. § 2244(d). Dkt No. 9. Dennison filed no Opposition to the Motion. After tracing the procedural history of Petitioner's post-conviction proceedings applying proper legal standards, Magistrate Judge Jan M. Adler's Report and Recommendation ("R&R") concludes this matter should be dismissed with prejudice as time-barred, with judgment entered accordingly. Dkt No. 10.

     A district judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions" on a

1  dispositive matter prepared by a magistrate judge proceeding without the consent of the
2  parties for all purposes. Rule 72(b); see 28 U.S.C. § 636(b)(1). An objecting party may
3  "serve and file specific objections to the proposed findings and recommendations," and "a
4  party may respond to another party's objections." Rule 72(b). In reviewing an R&R, "the
5  court shall make a *de novo* determination of those portions of the report or specified
6  proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1);
7  United States v. Raddatz, 447 U.S. 667, 676 (1980) (when objections are made, the court
8  must make a *de novo* determination of the factual findings to which there are objections).
9  "If neither party contests the magistrate's proposed findings of fact, the court may assume
10 their correctness and decide the motion on the applicable law." Orand v. United States, 602
11 F.2d 207, 208 (9th Cir. 1979); see Gates v. Gomez, 60 F.3d 525, 530 (9th Cir. 1995);
12 Robbins v. Carey, 481 F.3d 1143, 1146-47 (9th Cir. 2007) ("determinations of law by the
13 magistrate judge are reviewed *de novo* by both the district court and [the court of appeals]").
14       The deadline to file Objections to the R&R in this case passed on June 6, 2008, with
15 none filed. In these circumstances, the court adopts and incorporates by reference the
16 R&R's factual and procedural background statements and need only address the disposition
17 of the Petition based on the magistrate judge's conclusions of law. The court has reviewed
18 them *de novo* and finds the R&R applies the correct legal standards and reaches the correct
19 result, as a matter of law.
20       For all the foregoing reasons, **IT IS HEREBY ORDERED** the R&R is adopted, the
21 Motion To Dismiss is **GRANTED**, and the Petition is **DISMISSED WITH PREJUDICE**,
22 terminating this action in its entirety.
23       **IT IS SO ORDERED**.
24 DATED: 6-10-08

**HONORABLE LARRY ALAN BURNS**
United States District Judge